# United States District Court
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| IndyMac Bank, F.S.B. | Case No. 1:06-cv-01243 |
| Plaintiff | District Judge Christopher A. Boyko |
| vs. | |
| Theresa Suarez, et al. | **DEFAULT JUDGMENT AND DECREE IN FORECLOSURE** |
| Defendants. | |

UNITED STATES DISTRICT JUDGE CHRISTOPHER A. BOYKO

This matter is before the Court on the motion of Plaintiff IndyMac Bank, F.S.B.'s Motion for Default Judgment and Decree in Foreclosure, to obtain judgment upon the Note as described in the Complaint, to foreclose the lien of the Mortgage securing the obligation of such Note upon the real estate described herein, and to require all parties to set up their claims to the real estate or be barred.

The Court finds that:

1. The following defendants are in default of Motion or Answer:

    a. Theresa Suarez and
    b. Unknown Spouse, if any, of Theresa Suarez;

2. The Clerk's Entry of Default was filed herein on June 16, 2006.

Accordingly, the Court takes the allegations contained in the Complaint as true, including that, but for the borrower's discharge in bankruptcy, there would be due and owing to the plaintiff from the defendant, Theresa Suarez, upon the subject Note, the principal balance of

$99,470.87, for which judgment is hereby rendered in favor of the Plaintiff, with interest at the rate of 8.25 percent per annum from December 1, 2005.

The Note is secured by the Mortgage held by the plaintiff, which mortgage constitutes a valid and first lien upon the following described premises (the "Property"):

> Situated in the City of Cleveland, County of Cuyahoga, and State of Ohio: And known as being Sublot No. 7 in the Robert Rogers Homes Allotment of part of Original Brooklyn Township Lot No. 39, as shown by the recorded plat in Volume 149 of Maps, page 11 of Cuyahoga County Records, as appears by said plat. Be the same more or less, but subject to all legal highways.

Parcel Number: 012-08-054

Commonly known as: 5908 Biddulph Road, Cleveland, Ohio

Taking as true the allegations contained in plaintiff's complaint, the Court finds that the Mortgage was filed for record on August 12, 2002, and recorded as Instrument Number 200208121400 in the Cuyahoga County Recorder's Office; that the conditions of said Mortgage have been broken; and that Plaintiff is entitled to have the equity of redemption of the defendant-titleholder foreclosed.

**IT IS THEREFORE**

**ORDERED**, that unless the sums hereinabove found to be due to Plaintiff IndyMac Bank, F.S.B., and the costs of this action, be fully paid within ten (10) days from the date of the entry of this decree, the equity of redemption of the defendant-titleholder in said real estate shall be foreclosed and the real estate sold, free and clear of the interest of all parties herein, and an order of sale shall issue to the Master Commissioner, directing him to appraise, and sell same at public sale, as upon execution and according to law, after having the property advertised according to law, particularly 28 U.S.C. §§ 2001 and 2002. The Master Commissioner shall

report his proceedings to this Court.

**ORDERED FURTHER**, that the Master Commissioner shall send counsel for the party requesting the Order of Sale a copy of the publication notice promptly upon its first publication.

In the event that an Order of Sale is returned by the Master Commissioner unexecuted, subsequent Orders of Sale shall issue in accord with the Court's instructions.

**ORDERED FURTHER**, that the Master Commissioner, upon confirmation of said sale, shall pay from the proceeds of said sale, upon the claims herein found, the amounts thereof in the following order of priority:

1. To the Treasurer of Cuyahoga County, the taxes and assessments, due and payable as of the date of transfer of the property after the Master Commissioner's Sale.

2. To the plaintiff IndyMac Bank, F.S.B., the sum of $99,470.87, with interest at the rate of 8.25 percent per annum from December 1, 2005.

3. To Plaintiff the sums advanced for real estate taxes, hazard insurance and property protection.

4. The balance of the sale proceeds, if any, shall be held by the Master Commissioner to await further orders of distribution by this Court.

The purchaser of the property being sold is hereby subrogated to all rights of the lienholders in the premises to the extent of such payment and for the protection of its title.

Since Plaintiff is the first and best lienholder junior only to real estate taxes, if it is the successful bidder at the Master Commissioner's sale, Plaintiff shall not be required to make a deposit at the time of sale. Plaintiff shall pay the balance of all the Master Commissioner's costs due and owing, and real estate taxes due and payable, when they are ascertained.

G:\Cases - TM\06-07370 motion for default judgment and decree in foreclosure-060717-JJD.WPD

Upon distribution of the proceeds of sale as described above and entry of an order confirming the sale and ordering a deed to the purchaser, a certified copy of the entry shall be issued to the Cuyahoga County Recorder directing him or her to enter the same on the margin of the records of the mortgages and liens, releasing the liens adjudicated herein from the premises.

IT IS SO ORDERED.

DATE: 12/8/06

*Christopher A. Boyko*
JUDGE CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

G:\Cases - TM\06-07370\motion for default judgment and decree in foreclosure-060717-JJD.WPD